SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION
IN THE UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| Kathy Dalton, <br> 3260 Guffey Dr <br> Grove City, Ohio 43123 | : <br> : <br> : <br> : | CASE NO: 2:15 - CV -00816 |
| Plaintiff, | : <br> : <br> : <br> : | JUDGE: |
| v. | : <br> : | |
| Franklin County Sheriff's Office <br> 370 S. Front St. <br> Columbus, Ohio 43215 | : <br> : <br> : <br> : | |
| Lieutenant, Nathaniel Sheppard <br> 370 S. Front St. <br> Columbus, Ohio 43215 | : <br> : <br> : <br> : | |
| Corporal, Lucas Holt <br> 370 S. Front St. <br> Columbus, Ohio 43215 | : <br> : <br> : <br> : | |
| Deputy, Jason Meade <br> 370 S. Front St. <br> Columbus, Ohio 43215 | : <br> : <br> : <br> : | JURY DEMAND ENDORSED HEREON |
| Sheriff, Zach Scott <br> 370 S. Front St. <br> Columbus, Ohio 43215 | : <br> : <br> : <br> : | |
| Defendants. | : | |

**COMPLAINT**

Plaintiff Kathy Dalton (referred to herein as "Ms. Dalton" or "Plaintiff"), for her Complaint against Defendant Franklin County Sheriff's Office, (referred to herein as "Defendant"), hereby states as follows:

**PARTIES AND VENUE**

1. Plaintiff Kathy Dalton is a resident of Ohio and currently resides in Grove City, Ohio. Plaintiff brings this action to redress injuries committed against her as a result of Defendant's actions.

2. Upon information and belief, Defendant the Franklin County Sheriff's Office ("Defendant") is a government body with its principal place of business in Franklin County, Ohio.

3. This Court has subject matter jurisdiction and venue pursuant to Ohio R. Civ. P. 3(B)(3) and 3(B)(6) because Plaintiff's claims arise under the laws of the State of Ohio, the Defendant conducted activities giving rise to Plaintiff's claims in Franklin County, and Franklin County is the county in which all or part of the claims for relief arose.

4. **This court has original jurisdiction in the action pursuant to 28 U.S.C. §1331 and 1343 and 42 U.S.C.** § 200e-5, inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 § 2000e et seq. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 29 U.S.C. §621, and the Ohio Civil Rights Act of 1959, O.R.C. Chapter 4112. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the law of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

5. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with the Franklin County Sheriff's Office, Plaintiff performed his job duties there, and Defendant Franklin County Sheriff's Office is doing and has done substantial business in the Southern District of Ohio. Further, all defendants in this matter reside or have their principal place of business in the Southern District of Ohio.

6. On or about January 30, 2014, Plaintiff filed charge number 532-2014-00860 with the U.S. Equal Employment Opportunity Commission, Cleveland Area Office ("EEOC") alleging violations of the Civil Rights Act of 1964, including violations of sex discrimination, racial discrimination, and retaliation. A true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

7. On December 8, 2014, the EEOC issued a Dismissal and Notice of Rights, giving the Plaintiff the right to file a civil suit in federal court

8. At all material times herein, the Franklin County Sheriff's Office was an "employer" as that term is defined by the Civil Rights Act of 1964, 42 U.S.C. Section 2000e. At all material times herein, Defendant is an "employer" as that term is defined by the Ohio Civil Rights Act of 1959, O.R.C. Chapter 4112.

9. At all material times herein, Plaintiff was an "employee" as that term is defined by the Civil Rights Act of 1964, 42 U.S.C. Section 2000e. At all material times herein, Plaintiff is an "employee" as that term is defined by the Ohio Civil Rights Act of 1959, O.R.C. Chapter 4112.

**FACTUAL BACKGROUND**

10. Plaintiff is a forty-five (45) year old female.

11. Plaintiff has a medical condition that constitutes a disability.

12. Plaintiff suffers from asthma.

13. Plaintiff suffered a work injury while working for Defendant that resulted in a hamstring injury.

14. Plaintiff began working for the Ohio State Patrol in 1989 and was promoted to an officer in 2011.

15. On or about October 16, 2013, Plaintiff was terminated from her employment by Defendant.

16. Plaintiff was one of three officers that qualified for the Franklin County Cadet Academy.

17. Plaintiff reported for her first day of the Academy on or about Sept. 3, 2013.

18. On or about Sept. 11, 2013, Plaintiff participated in physical training that was conducted in extreme heat.  Plaintiff struggled to breathe and was pulled out by a fellow classmate and lead instructor during this physical training.

19. On or about Sept. 13, 2013, physical training was conducted again in extreme heat.  Plaintiff struggled again with breathing, but remained in the class.

20. On or about Sept. 14, 2013, Plaintiff woke up wheezing and out of breath when going up the stairs.  Plaintiff went to an urgent care and was diagnosed with asthma.

21. On or about Sept. 16, 2013, Plaintiff handed in medical documentation explaining her diagnosis of asthma and her need for inhaler.

22.  On or about Sept. 16, 2013, Plaintiff participated in drills and then suffered a hamstring injury during the assessment run

23. On or about Sept. 17, 2013, Plaintiff reported injury to her squad during morning inspection.

24. On or about Sept. 18, 2013, Deputy Mead yelled at Plaintiff for not staying in step and finally said if she was injured to get out of formation.  Plaintiff left formation and continued drill on the side with Instructor Neal.

25. On or about Sept. 19, 2013, Plaintiff reported to Hague Ave Facility and participated in warm up run which aggravated her hamstring injury.

26. On or about Sept. 20, 2013, Plaintiff reported to Academy, suffered pain which worsened while marching and drill exercises.   Plaintiff explained again that she had suffered a hamstring injury and that she did not intend to quit. They mentioned needing documentation from a doctor for her injury.

27. On or about Sept. 21, 2013, Plaintiff returned to Urgent Care to see the physician and was put on restriction for one week with orders to return to doctor for reevaluation.

28. On or about September 23, 2013, Plaintiff reported to Academy with a medical excuse.

29. On or about Sept. 25, 2013, Plaintiff reported to Academy and was ordered to sit in the classroom. Plaintiff along with another female cadet was that if they were not returned to full duty by Friday they would not complete the course.  Plaintiff returned to Urgent Care after class and explained that she had to be released back to duty without restrictions or she would be fired. The doctor released her to full duty.

30. On or about September 26, 2013, Plaintiff reported to Academy with a release to full duty but was ordered to sit in a classroom and denied participation or even access to observe boxing matches but was required to run and participate in drill with the class.

31. Other male cadets that were injured were allowed to sit out during some trainings or their trainings were modified due to their injuries.

32. On or about Oct. 1, 2013, Plaintiff and another female cadet were made to make written statements explaining that they missed valuable training and why.  Upon completion, they were ordered to rewrite statements and backdate them to 9/23/2013.

33. On or about Sept. 30, 2013 thru Oct. 4, 2013, Plaintiff reported to Academy and completed self-defense tactics, running and drill, passed demonstration test while male cadets failed but were allowed to keep retaking the OPOTA demonstration test until they passed.

34. On or about Oct. 4, 2013, Plaintiff participated in a boxing tournament. Plaintiff fought Cadet Clark, urinated in her clothes, and suffered an asthma attack. Plaintiff was taken outside by female instructor.

35. On or about Oct. 9, 2013, PT warm up run was 1 mile up and down hills. Plaintiff experienced excruciating pain which caused an asthma attack.

36. On or about Oct. 10, 2013, Plaintiff reported to Academy and was pulled out in front of the class, and the class was ordered to stop and watch her while she was demeaned and harassed.

37. On or about Oct. 11, 2013, Plaintiff reported to Academy, stayed up in double time during drill and competed in team activities while her leg began to hurt and her knee swelled. Plaintiff limped off field and to her car after class.

38. On or about Oct. 12, 2013 to Oct. 14, 2013, Plaintiff took days off to tend to her injury with resting leg and icing it.

39. On or about Oct. 15, 2013, Plaintiff reported to Academy and participated in drill. Everyone else received evaluations Plaintiff was told by Personnel that there was going to be a removal hearing on 10/16/13. Plaintiff was given written evaluations.

40. On or about Oct. 16, 2013, Plaintiff was ordered to appear for a hearing with a member of Personnel and was told she could say something to the recorder if she had anything to add and it would be played for the Sherriff.

41. On or about Oct. 16, 2013, during meeting with Personnel, Plaintiff cried and was unable to speak. Plaintiff was told she could resign and not have the termination on her record and she wouldn't have to say anything.

42. On or about October 16, 2013, Plaintiff resigned under duress and turned in all her equipment.

43. As a direct and proximate cause of the Defendant's actions, Plaintiff has suffered and will continue to suffer emotional distress, consisting of outrage, shock and humiliation, reasonably occurring and likely to continue to occur.  The Plaintiff has suffered and likely will continue to suffer from a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

44. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of the defendants described above was malicious and oppressive, and done with a conscious disregard of the Plaintiff's rights, and with the intent to injury Plaintiff.  Because the Academy staff acted in their capacity as the managing agents of the Franklin County Sheriff's Department and because the Franklin County Sheriff's Office ratified this conduct by doing nothing despite its knowledge of the unlawful conduct, Plaintiff is entitled to punitive damages from the Franklin County Sheriff's Office.

## FIRST CAUSE OF ACTION

**(Disability Discrimination –R.C. §4112.02)**

1. Plaintiff incorporates as if fully rested all of the allegations before mentioned.

2. At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

3. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01(A)(13) of the Ohio Revised Code.

4. Defendant knew Plaintiff was disabled and/or regarded her as disabled.

5. Defendant was aware of the difficulties suffered by Plaintiff as a result of her disability.

6. Plaintiff's disability substantially limited her ability to participate in training

7. Defendant discriminated against Plaintiff because of her disability by taking the following non-exhaustive list of actions: terminating her employment, failing to accommodate her disability, refusing to allow her to switch to alternative work, retaliating against her, exposing her to humiliation, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

8. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

9. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

**SECOND CAUSE OF ACTION**

**(Failure to Accommodate –R.C. §4112.02)**

10. Plaintiff incorporates as if fully rested all of the allegations before mentioned.

11. At all times material herein, Plaintiff suffered from an impairment within the meaning of R.C §4112.01(A)(16) of the Ohio Revised Code.

12. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C §4112.01(A)(13) of the Ohio Revised Code.

13. Defendant was aware of Plaintiff's disability.

14. Plaintiff requested reasonable accommodation for her disability.

15. Such accommodations were reasonable for Defendant to provide.

16. Defendant violated R.C. §4112.02, by failing to accommodate Plaintiff's disability, and by failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for her disability.

17. Plaintiff was repeatedly denied this accommodation and watched other male colleagues being accommodated.

18. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

19. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION
**(Retaliation –R.C. §4112.02(J))**

20. Plaintiff incorporates as if fully restated all of the allegations before mentioned.

21. Plaintiff engaged in a protected activity by requesting a reasonable accommodation for her disability.

22. Plaintiff engaged in a protected activity when she opposed Defendant's discriminatory employment practices by complaining about the disparate treatment.

23. Defendant knew that Plaintiff engaged in such protected activity.

24. Once Plaintiff engaged in the aforementioned protected activities, Defendant purposefully retaliated against her by engaging in the following non-exhaustive list of actions: declining to engage in a good faith interactive process concerning Plaintiff's proposed accommodations, refusing to provide Plaintiff reasonable accommodation, failing to exercise discretion in addressing Plaintiff's reasonable accommodation request, terminating Plaintiff's employment after she engaged in protected activities, and treating Plaintiff less favorably than other cadets that did not engage in protected activities.

25. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

26. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## FOURTH CAUSE OF ACTION

### (Sex Discrimination)

45. Plaintiff re-alleges each of the allegations contained in the preceding paragraphs of her Complaint as if fully restated herein.

46. Plaintiff is a forty five (45) year old female.

47. During the course of Plaintiff's employment with the Franklin County Sheriff's Office, by and through its agents and employees, discriminated against the Plaintiff in terms, conditions and privileges of employment in various ways, in substantial part because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. and the Ohio Civil Rights Act of 1959, O.R.C. Chapter 4112 .

48. During the course of Plaintiff's employment with the Franklin County Sheriff's Office, by and through its agents and employees, took adverse employment action against the Plaintiff.

49. During the same period the defendants took no adverse actions to other male employees, who also were injured during physical training.

50. By taking action against female employees within the department while taking no adverse action against the male employees, the defendant violated the before mentioned laws.

51. Defendant is a corporation organized under the laws of the State of Ohio and doing business in Franklin County, Ohio.

WHEREFORE, Plaintiff, Kathy Dalton, demands judgment against Defendants in an amount which will compensate her for, back pay and benefits, front pay and benefits, compensatory damages, punitive damages, pre-judgment interest, post-judgment interest, costs, attorneys' fees and such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Joel M. Spitzer
Joel M. Spitzer (0090198)
Antoinette M. Dillard (0083191)
Attorneys at
The Spitzer Halsey Law Group LLC
97 S Liberty Street,
Powell, Ohio 43065
(614) 987-8008

*Attorney for Plaintiff Kathy Dalton*

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Joel M. Spitzer
Joel M. Spitzer (0090198)