UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KATHY DALTON,**

    **Plaintiff,**

  v.                                 Case No.: 2:15-cv-816
                                                JUDGE SMITH
                                                Magistrate Judge Kemp

**FRANKLIN COUNTY SHERIFF'S
OFFICE,** *et al.***,**

    **Defendants.**

**OPINION AND ORDER**

        This matter is before the Court on Defendants Franklin County Sheriff's Office, Lieutenant Nathaniel Sheppard, Corporal Lucas Holt, Deputy Jason Meade, Sheriff Zach Scott, and Franklin County's Motion for Judgment on the Pleadings (Doc. 8).  In their Motion for Judgment on the Pleadings, Defendants also moved to dismiss the Franklin County Sheriff's Office and Franklin County, Ohio as parties.  Plaintiff Kathy Dalton filed a Response and Memorandum in Opposition (Doc. 12), which contained a request for leave to file a Second Amended Complaint.  Defendants filed a Reply (Doc. 14).  These motions are fully briefed and are ripe for disposition.  For the following reasons, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings and **DENIES** Plaintiff's request for leave to amend and Defendants' Motion to Dismiss the Franklin County Sheriff's Office and Franklin County, Ohio.

                                        **I.**     **BACKGROUND**

        This action stems from Plaintiff Kathy Dalton's former employment relationship with the Franklin County Sheriff's Office.  Plaintiff is a forty-five year-old female who began working

for the Ohio State Patrol in 1989.  (Doc. 7, Am. Compl. at ¶¶ 10, 14).  In 2013, Plaintiff was one of three Ohio State Patrol officers to qualify for the Franklin County Cadet Academy (the "Academy").  (*Id*. at ¶ 16).  Plaintiff reported for her first day of training on or about September 3, 2013.  (*Id*. at ¶ 17).  Throughout her first week of physical training at the Academy, Plaintiff experienced difficulties breathing during drills conducted in extreme heat.  (*Id*. at ¶¶ 18–20).  Plaintiff was able to complete some—but not all—training exercises despite her difficulties breathing.  (*Id*.).  Soon thereafter, Plaintiff was diagnosed with asthma and reported her diagnosis and need for an inhaler to her supervisors at the Academy.  (*Id*. at ¶ 20–21).

Plaintiff continued to participate in drills and training exercises despite her reported condition.  Plaintiff's difficulties were compounded by a hamstring injury—also suffered during training—which limited her ability to effectively participate in drills.  (*Id*. at ¶¶ 22–25).  On or about September 17, 2013, Plaintiff reported her hamstring injury to her supervisors at the Academy.  (*Id*. at ¶ 23). Several days later, Plaintiff provided medical documentation that restricted her physical activity for a period of one week.  (*Id*. at ¶¶ 27–28).  On or about September 25, 2013, Plaintiff was ordered to sit in a classroom where she and another female cadet were told that they had to return to full participation by the end of the week or they risked being dismissed from the Academy.  (*Id*. at ¶ 29).  The following day, Plaintiff produced to her supervisors a medical release from a doctor removing her physical restrictions.  (*Id*.).  Plaintiff alleges that, over the next couple weeks, she was improperly excluded from certain training exercises, performed other drills with passing merits, was demeaned and harassed in front of the other cadets, and suffered two asthma attacks while training.  (*Id*. at ¶¶ 30–37).  According to Plaintiff, over the same period of time, the Academy supervisors made various accommodations for several male cadets that were not made available to her.  (*Id*. at ¶¶ 31, 33).  On or about

2

October 1, 2013, Plaintiff was directed to prepare a written statement explaining why she missed portions of her training.  (*Id*. at ¶ 32).

On or about October 11, 2013, Plaintiff took several days off from training to rest her injured leg.  (*Id*. at ¶ 38).  On or about October 15, 2013, Plaintiff was informed there would be a removal hearing held the following day.  (*Id*. at ¶¶ 39–40).  At the hearing, Plaintiff was too upset to speak on her own behalf and she was told she could resign to avoid having a termination on her record.  (*Id*. at ¶ 41).  On or about October 16, 2013, Plaintiff withdrew from the Academy and resigned.  (*Id*. at ¶ 42).

In her amended complaint, Plaintiff alleges that she filed charge number 532-2014-00860 (the "EEOC charge") with the U.S. Equal Employment Opportunity Commission ("EEOC").  (*Id*. at ¶ 6).  Plaintiff alleges the EEOC charge alleged violations of the Civil Rights Act of 1964, including violations of sex discrimination, racial discrimination, and retaliation.  (*Id*.).  On December 8, 2014, the EEOC issued a Dismissal and Notice of Rights (the "right-to-sue letter"), giving Plaintiff the right to bring a private civil action.  (*Id*. at ¶ 7).

Plaintiff instituted the current action by filing her complaint on March 9, 2015.  (*See* Doc. 1, Compl.)  The complaint named the Franklin County Sheriff's Office, Lt. Sheppard, Corp. Holt, Dep. Meade, and Sheriff Scott as defendants.  The complaint did not explicitly state whether the individual defendants were being sued in their personal or professional capacities.  Plaintiff asserted four (4) causes of action: (1) disability discrimination under O.R.C. § 4112.02; (2) failure to accommodate under O.R.C. § 4112.02; retaliation under O.R.C. § 4112.02(J); and (4) sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq*. and O.R.C. 4112.02.  (Doc. 1, Compl. at 7–11).  On July 13, 2015, Plaintiff filed an amended complaint, whereby Plaintiff maintained the same causes of action, but substituted Franklin

County, Ohio as a defendant in place of the Franklin County Sheriff's Office. (*See* Doc. 7, Am. Compl.). Further, Plaintiff specified in the caption of the amended complaint that the individual defendants were being sued "in their official capacity as employees of Franklin County, Ohio." (*Id*.).

## II.  STANDARD OF REVIEW

Defendants bring this motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as that used to address a motion to dismiss under Rule 12(b)(6). *Id.*; *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

Rule 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A pleading will satisfy this plausibility standard if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In general, "[m]atters outside the pleadings are not to be considered" by a court in considering a motion to dismiss. *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989). However, a court may consider exhibits attached to a motion to dismiss (or a motion for judgment on the pleadings) as part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim, without converting the motion to a motion for summary judgment. *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997); *see also Bihn v. Fifth Third Mortgage Co.*, 980 F. Supp. 2d 892, 898 (S.D. Ohio 2013).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Michigan, Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

In sum, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

### III. DISCUSSION

Defendants have moved for judgment on the pleadings as to Plaintiff's Title VII sex discrimination claim (Doc. 8) and have also moved for dismissal of the Franklin County Sheriff's Office and Franklin County, Ohio because they are not *sui juris*. On August 13, 2015, Plaintiff filed a memorandum in response to the Motion for Judgment on the Pleadings (Doc. 12), or, in the alternative, moved for leave of Court to amend the complaint to: (1) include a statement as to why Franklin County is a proper party to the suit; or (2) name the individual

members of the Franklin County Board of Commissioners as defendants. On August 31, 2015, Defendants submitted a Reply to Plaintiff's Memorandum in Opposition (Doc. 14). These motions are fully briefed and ripe for disposition.

**A.     Plaintiff's Claim for Sex Discrimination**

Plaintiff alleges that Defendants have discriminated against her based on her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq*. Defendants have moved for judgment on the pleadings asserting that Plaintiff failed to exhaust her administrative remedies as required by Title VII, and thus, her federal claim for sex discrimination must be dismissed.

**1.     Matters The Court May Properly Consider**

Before analyzing Defendants' motion, the Court feels compelled to discuss the materials properly within its consideration in aiding its decision. Plaintiff avers that she attached the EEOC charge and the right-to-sue letter to her amended complaint. (*See* Doc. 7, Am. Compl. at ¶ 6; Doc. 12, Resp. at 7). The Court finds no such attachments have been proffered by Plaintiff. However, both documents were attached to Defendants' motion for judgment on the pleadings.[1] (*See* Docs. 8-1, EEOC Charge; and 8-2, Right-To-Sue). Plaintiff argues that since the EEOC charge and right-to-sue letter are not exhibits to the pleadings, the Court should not consider them in ruling on Defendants' motion. If said argument were true, the Court would be obligated to exclude such matters or it would, in effect, convert Defendants' present motion into one for summary judgment. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th

---

[1] Defendants attached a three-page EEOC charge form consisting of a one-page standardized form and a two-page attachment. The attachment is time-stamped at the top of the first page and the bottom of the second page. The attachment sets forth twenty-two (22) paragraphs of factual allegations detailing the treatment Plaintiff received as a deputy in training. In her response, Plaintiff alludes to factual allegations in "paragraph 24." (*See* Doc. 12, Resp. at 7). Plaintiff has failed to argue that the EEOC charge form (Doc. 8-1) attached by Defendants is an inaccurate or incomplete copy of the charge form Plaintiff originally filed with the EEOC. Accordingly, the Court will proceed as if Doc. 8-1 is a true and accurate copy of Plaintiff's charge form filed with the EEOC.

Cir. 2006). Defendants, on the other hand, argue that the documents were referenced in Plaintiff's amended complaint and are central to her claim for sex discrimination. The Court agrees with Defendants.

Under the holding in *Weiner v. Klais & Co.*, 108 F.3d 86 (6th Cir. 1997), the first issue is whether Plaintiff referenced the documents in her amended complaint. In Paragraphs 6 and 7 of her amended complaint, Plaintiff clearly references both documents. In fact, Plaintiff explicitly states, "[a] true and accurate copy of [the EEOC charge] is attached hereto **and incorporated herein by reference**." (Doc. 7, Am. Compl. at ¶ 7) (emphasis added). Plaintiff, in her briefing, plainly admits that the EEOC charge was referenced in her amended complaint. (*See* Doc. 12, Resp. at 5). Similarly, Plaintiff clearly references the right-to-sue letter in Paragraph 7 of her amended complaint.

Next, under *Weiner*, the Court must consider whether the documents are central to Plaintiff's claim for sexual discrimination. The Court unequivocally finds that they are. The viability of Plaintiff's claim for sex discrimination is dependent on whether she has exhausted her administrative remedies. Plaintiff's amended complaint alleges that she filed the EEOC charge—alleging sex discrimination, among other things—and received a right-to-sue letter. (Doc. 7, Am. Compl. at ¶¶ 6–7). However, the parties' briefing reveals that there is more to that allegation than initially meets the eye. The factual allegations pertaining to sex discrimination are more detailed in Plaintiff's amended complaint than the EEOC charge. The EEOC charge and right-to-sue letter provide valuable insight into the threshold matter of whether Plaintiff exhausted her administrative remedies for her sex discrimination claim. To exclude such information from the Court's consideration would undercut the primary purpose of the holding in *Weiner*. That is, a legally deficient claim should not be able to survive a motion to dismiss

simply because the plaintiff failed to attach a dispositive document upon which it relied. *See Weiner*, 108 F.3d at 89.

Accordingly, the Court deems it appropriate to consider the EEOC charge (Doc. 8-1), and right-to-sue letter (Doc. 8-2) in determining Defendants' motion for judgment on the pleadings.

### 2. Exhaustion of Administrative Remedies

"As a prerequisite to bringing suit under Title VII, a claimant must exhaust his or her administrative remedies." *Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 470 (6th Cir. 2008). In order to have exhausted their administrative remedies, it is well-settled that a plaintiff must: "(1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue ('right-to-sue letter')." *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006). "The burden of demonstrating exhaustion lies with the plaintiff." *Smith v. Healthsouth Rehab. Ctr.*, 234 F. Supp. 2d 812, 814 (W.D. Tenn. 2002) (citing *McBride v. Citgo Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

In the instant case, it is undisputed that Plaintiff generally satisfied the two *Granderson* requirements. That is, Plaintiff filed a timely charge form with the EEOC and received and acted upon the EEOC's right-to-sue letter. However, the parties disagree whether Plaintiff's timely EEOC charge sufficiently alleged a violation of sex discrimination. "In Title VII actions, the cause of action stated in the complaint must fall within the scope of the EEOC investigation that is reasonably expected to grow out of the charge of discrimination that was filed with the EEOC." *Bray v. Palm Beach Co.*, 907 F.2d 150 (6th Cir. 1990) (citing *EEOC v. McCall Printing Corp.*, 633 F.2d 1232, 1235 (6th Cir.1980)). "This rule serves the dual purpose of giving the employer information concerning the conduct about which the employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute through conference,

conciliation, and persuasion." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010).  Here, the parties recognize that a mere failure to check a box on the EEOC charge form does not necessarily prohibit a plaintiff from pursuing a cause of action.  Rather, the Court has held "whe[n] facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Id.* at 362 (quoting *Davis v. Sodexho, Cumberland Coll. Cafeteria,* 157 F.3d 460, 463 (6th Cir.1998)).

Here, Plaintiff's EEOC charge failed to allege facts sufficient to prompt the EEOC to investigate Plaintiff's present claim for sex discrimination.  Aside from Plaintiff simply stating her age and gender and including one vague reference to a male cadet being allowed to sit out a single exercise (*see* Doc. 8-1, EEOC charge at ¶ 16), the EEOC charge is facially devoid of any allegations that would reasonably prompt the EEOC to extend its investigation beyond the stated claims.  Plaintiff claims that the allegations in paragraph 16 of the EEOC charge were sufficient to put the EEOC and Defendants on notice that Plaintiff was alleging sex discrimination. Those allegations read:  ". . . [Plaintiff] was denied participation or even access to observe boxing matches. . . .  Cadet Bailey was injured and was allowed to sit out during boxing.  He remained in the gym to observe the boxing matches.  He was awarded the most athletic award at graduation."  Plaintiff contends a similar inference can be drawn from allegations in paragraph 19 of the EEOC charge, which reads:  ". . . cadet [*sic*] Joyce and Conan failed but were allowed to keep retaking the OPOTA demonstration test until they passed."

The factual allegations cited in the preceding paragraph speak directly to Plaintiff's stated claims for retaliation and disability discrimination without leading Defendants or the EEOC to infer Plaintiff would also pursue a claim for sex discrimination.  Plaintiff alleges that Defendants

9

knew through first-hand knowledge, and the EEOC could have discovered through further investigation, that Cadets Bailey, Joyce, and Conan were all males. (Doc. 12, Resp. at 7). The Court rejects this argument through the use of a hypothetical: Suppose Cadets Bailey, Joyce, and Conan were all younger than Plaintiff—which Defendants knew through first-hand knowledge and the EEOC could have discovered through further investigation. Could Plaintiff now bring a claim for age discrimination? The Court thinks not.

The Court agrees with Plaintiff's position that it is irrelevant whether the EEOC actually investigated the sex discrimination claim. (Doc. 12, Resp. at 9). However, the Court disagrees with Plaintiff that mere references to other cadets' treatment—albeit with minimal gender identifiers—is sufficient to reasonably notify the EEOC or Defendants that she was also alleging sex discrimination. The Court disagrees even more where such references are silent as to the cadets' gender and an unsolicited EEOC investigation would be necessary to ascertain the cadets' gender. The EEOC is expected to reasonably investigate the matters before it, not investigate discrimination that is not alleged.

The Court is not persuaded by the reasoning set forth in *Hicks v. ABT Assoc.*, 572 F.2d 960 (3d Cir. 1978), and applied in *Thomas v. St. Mary Medical Center,* 22 F.Supp.3d 459 (E.D. Penn. 2014), which Plaintiff relies upon in the case at bar. *Hicks* and *Thomas* stand for the general proposition that a plaintiff may subsequently allege a discrimination claim in a complaint that was not expressly claimed in an EEOC charge when broad facts are alleged in support of the stated discrimination claim and a close nexus exists between the facts of both claims. *See Hicks*, 572 F.2d at 965–967; *Thomas*, 22 F.Supp.3d at 468–469. Here, the facts alleged in the EEOC charge overwhelmingly focus, in specific terms, on Plaintiff's asthma condition and hamstring injury. Plaintiff's allegations in support of her stated claims are not broad, nor can they be fairly

read as interchangeable as support for a discrimination claim that is closely related to Plaintiff's stated claims. In sum, Plaintiff's claim for sex discrimination does not fall within the scope of the EEOC investigation that was reasonably expected to grow out of Plaintiff's retaliation and disability discrimination claims filed with the EEOC.

Stated another way, Plaintiff has failed to clear a necessary hurdle prior to filing a private lawsuit for sex discrimination under Title VII. Plaintiff's amended complaint alleges that Plaintiff "filed [an EEOC charge] alleging violations of the Civil Rights Act of 1964, including violations of *sex discrimination*, racial discrimination, and retaliation." (Doc. 7, Am. Compl. at ¶ 6) (emphasis added). However, after examining the EEOC charge, the Court cannot agree. For the aforementioned reasons, Defendants' motion for judgment on the pleadings as to Plaintiff's federal claim for sex discrimination is hereby **GRANTED**.

B.     Supplemental Jurisdiction Over Plaintiff's Remaining Claims

In addition to her federal claim for sex discrimination, Plaintiff also asserts state law claims of disability discrimination, failure to accommodate, retaliation, and sex discrimination, all of which are brought pursuant to O.R.C. § 4112.02, *et. seq*. Plaintiff only asserts federal subject matter jurisdiction in this case based on her claim for sex discrimination violation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq*. Having granted Defendants' Motion for Judgment on the Pleadings on Plaintiff's lone federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. It is well-settled that a district court may decline to exercise supplemental jurisdiction over state law claims once it has dismissed all claims over which it possessed original jurisdiction. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997). Indeed, the Sixth Circuit has recognized that if all federal claims are dismissed before trial, remaining state claims generally should be dismissed. *Id.*; *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir.1992). Therefore,

pursuant to 28 U.S.C. §1367(c)(3) and (d), the Plaintiff's remaining state law claims are **DISMISSED** without prejudice.

C.  **Plaintiff's Request for Leave to Amend Complaint and Defendants' Motion to Dismiss the Franklin County Sheriff's Office and Franklin County, Ohio as Parties**

This Court acknowledges the parties have spent considerable time and effort briefing the issue of whether Franklin County—and to a lesser extent, the Franklin County Sheriff's Office—are *sui juris*. While the Court recognizes the parties have compelling arguments, ascertaining the proper identity of the defendant(s) in this case is immaterial to the Court's decision to grant Defendants' motion for judgment on the pleadings for Plaintiff's Title VII claim. As the Court has declined to exercise supplemental jurisdiction over the remaining claims, Plaintiff's request to amend her complaint is moot, and therefore, **DENIED**. For the same reasons, Defendants' motion to dismiss the Franklin County Sheriff's Office and Franklin County, Ohio is moot, and therefore **DENIED**.

## IV.  CONCLUSION

Based on the foregoing, Defendants' Motion for Judgment on the Pleadings as to Plaintiff's Title VII claim is **GRANTED**. Plaintiff's remaining state law claims are **DISMISSED** without prejudice. Plaintiff's request for leave to amend is moot, and therefore, **DENIED**. Defendants' Motion to Dismiss the Franklin County Sheriff's Office and Franklin County, Ohio is moot, and therefore, **DENIED**. The Clerk shall **REMOVE** Document 8 from the Court's pending motions list. The Clerk shall enter final judgment in favor of Defendants and **REMOVE** this case from the Court's pending cases list.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ George C. Smith           
　　　　　　　　　　　　　　　　　　　　　　　　**GEORGE C. SMITH, JUDGE**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**